NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

E. K. B., a minor, by and through his
Guardian Ad Litem Nakisha Mitchell;
NAKISHA MITCHELL, Individually and
as Administrator of the Estate of Jerome
Rory Barber,

        Plaintiffs - Appellants,

  v.

CITY OF AZUSA, a public entity;
MICHAEL BERTELSON, a public
employee; DAVID AGUILAR, a public
employee previously known as Doe 1;
RICHARD MARTINEZ, a public employee
previously known as Doe 2; MICHAEL
DEANDA, a public employee previously
known as Doe 3; THOMAS AVILA,
Lieutenant, previously known as Doe 4;
DOES, 5-10, Inclusive,

        Defendants - Appellees.

No. 24-3667

D.C. No.
2:23-cv-01067-KK-JDE

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Kenly Kiya Kato, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted July 18, 2025[]
Pasadena, California

Before: WARDLAW, MENDOZA, and JOHNSTONE, Circuit Judges.

E.K.B. and Nakisha Mitchell appeal the district court's grant of summary judgment on their claims arising under 42 U.S.C. § 1983 in favor of police officers and the City of Azusa ("City"), which concern the death of their father and partner Jerome Barber. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's order granting summary judgment de novo. *Frlekin v. Apple, Inc.*, 979 F.3d 639, 643 (9th Cir. 2020). We affirm.

1. "A claim that a law enforcement officer used excessive force during a stop or arrest is 'analyzed under the Fourth Amendment.'" *Barnes v. Felix*, 145 S. Ct. 1353, 1357 (2025) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). "Unless the officer 'violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known,' she is entitled to qualified immunity." *Hernandez v. City of Los Angeles*, 139 F.4th 790, 802 (9th Cir. 2025) (en banc) (alteration in original) (quoting *City of Escondido v. Emmons*, 586 U.S. 38, 42 (2019) (per curiam)).

It is undisputed that Barber was armed with a knife, moving rapidly toward

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the officers, and the officers attempted to use less-than-lethal force before Officer Aguilar fired his gun. *See id.* at 799. Although special considerations arise where law enforcement is confronted with mentally unstable individuals, *see Deorle v. Rutherford*, 272 F.3d 1272, 1280–81 (9th Cir. 2001), those considerations wane when the circumstances are dangerous and urgent. *Hernandez*, 139 F.4th at 799–800. Plaintiffs offer no authority that would place the officers on notice that their actions with regard to Barber would violate his constitutional rights; therefore, the officers did not violate clearly established law and are entitled to qualified immunity. *See id.* at 802.

2.    "Parents and children have a well-elaborated constitutional right to live together without governmental interference." *Hardwick v. County of Orange*, 980 F.3d 733, 740 (9th Cir. 2020) (quoting *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000)). "Official conduct that 'shocks the conscience' in depriving" individuals "of that interest is cognizable as a violation of due process." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010) (quoting *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008)). Where an officer had opportunity to deliberate before undertaking the conduct at issue, "deliberate indifference" is the standard; but if the conduct resulted from a snap judgment, an officer is liable only where they acted with a "purpose to harm." *Id.*

The undisputed record indicates that officers exhibited neither deliberate

indifference nor a purpose to harm Barber. The officers attempted to reason with Barber, were attentive to the risk of him harming others, deployed less-than-lethal means, and used lethal force only at the last moment. Plaintiffs offer no contravening facts or authority preventing the conclusion that the officers are entitled to judgment as a matter of law on this record.

3.      Third parties may not be held liable for a violation of the constitution merely because they were present for it, but may "be liable for the constitutional violations of others under Section 1983 if they are a supervisor, and '(1) [they were] personally involved in the constitutional deprivation, or (2) a sufficient causal connection exists between the supervisor's wrongful conduct and the constitutional violation.'" *Olson v. County of Grant*, 127 F.4th 1193, 1197 (9th Cir. 2025) (alteration in original) (quoting *Felarca v. Birgeneau*, 891 F.3d 809, 819–820 (9th Cir. 2018) (internal quotation marks omitted)).

To the extent that Plaintiffs attempt to parse out "supervisory liability" claims against Martinez and Avila for their "tactical decisions" leading up to the shooting—i.e., deciding not to call mental health providers to the scene—they must demonstrate that Martinez and Avila "knew or reasonably should have known" that those decisions would "inflict a constitutional injury." *Felarca*, 891 F.3d at 820. Plaintiffs offer no evidence in support of this notion; Avila testified that he did not immediately call mental health providers because the officers were confronted with

an immediate problem, and the situation came to a close within minutes. Therefore, there is no record support indicating that Martinez and Avila's "tactical decisions" caused Barber's death, and all available evidence points to the contrary.

4.      To establish municipal liability for a § 1983 violation, "a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). A *Monell* claim has four elements: "(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (cleaned up).

Plaintiffs argue that the City[1] failed to train its officers and failed to have mental health crisis response personnel available on weekends, and that each failure caused Barber's death. But there is no evidence that the City's lack of staffing a mental health crisis specialist on weekends caused Barber's death, because Avila

---

[1] Plaintiffs suggest that Defendant Bertelson is liable under this theory as well. Although *Monell* claims are circumscribed to entity defendants, we have observed that a *Monell* "[f]ailure to train" theory is "[s]imilar[]" to a "failure to supervise" theory. *Dougherty*, 654 F.3d at 900. To whatever extent a supervisory liability claim against Bertelson is preserved in the opening brief, we hold that it fails for the same reasons as Plaintiffs' *Monell* claim against the City.

testified that he would not have called such a specialist to the scene if one had been available.

**AFFIRMED.**